# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK KELLY, TODD C. RAY, PLUMBERS AND PIPEFITTERS LOCAL NO. 520 PENSION FUND, and PLUMBERS AND PIPEFITTERS LOCAL NO. 520 ANNUITY FUND, | CIVIL ACTION NO. 1:09-CV-0059 <br><br> (Judge Conner) |
| **Plaintiffs** | |
| v. | |
| SIEMENS BUILDING TECHNOLOGIES, INC., | |
| **Defendant** | |

## ORDER AND DEFAULT JUDGMENT

AND NOW, this 5th day of June, 2009, upon consideration of plaintiff's motion for default judgment (Doc. 6), and it appearing that defendant received service of process on January 16, 2009, (see Doc. 3), that defendant has not made an appearance in the above-captioned action, see FED. R. CIV. P. 55(b)(2) (providing for notice and a hearing on motion for default only if adverse party has made an appearance), that default (Doc. 5) has been entered against defendant for failure to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, see FED. R. CIV. P. 55(a) (providing for entry of default by clerk), that plaintiffs seek recovery of $12,528.38 in delinquent contributions to multiemployer plans under §§ 502 and 515 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1132, 1145, (Doc. 11 ¶¶ 17, 19), that plaintiffs' claim is supported by documents accompanying the motion, see FED. R. CIV. P. 55(b)(1) (allowing court to enter

judgment by default without hearing if claim is for a "sum certain"), that the total amount sought represents contributions to the plans for the months of September and November 2008, and that the same were due on October 15 and December 15, 2008, (see Doc. 11, Ex. B ¶¶ 13, 46-49), and it further appearing that plaintiffs are entitled to collect $2,887.76 in liquidated damages and interest on the delinquent contributions,[1] 29 U.S.C. § 1145(g)(2)(B), (C); (Doc. 11 ¶¶ 20-23), $450.00 in costs, 29 U.S.C. § 1145(g)(2)(D); (Doc. 12 ¶ 12), and $926.25 in attorney's fees,[2] 29 U.S.C. § 1145(g)(2)(D); (Doc. 12 ¶ 9), see also FED. R. CIV. P. 55(b) (allowing court to enter judgment by default without hearing if claim is "for a sum which can by computation be made certain"), it is hereby ORDERED that:

1. The motion for default judgment (Doc. 6) is GRANTED.

2. JUDGMENT is ENTERED in favor of plaintiffs and against defendant in the amount of $12,528.38 together with liquidated damages and interest in the amount of $2,887.76.

3. Attorney's fees and costs are TAXED in favor of plaintiffs in the following amounts:

   | | |
   |---|---|
   | Attorney's Fees | $ 926.25 |
   | Costs | $ 450.00 |

---

[1] The motion (Doc. 6) requests liquidated damages and interest in the amount of $2,386.64. The greater amounts awarded herein represent interest accrued between the time the motion was filed and the entry of judgment, as calculated by plaintiffs' supplemental affidavit. (See Doc. 11).

[2] The motion (Doc. 6) seeks attorney's fees in the amount of $731.25. Additional fees represent attorney time expended to prepare certain supplemental filings requested by the order of court (Doc. 8) dated April 29, 2009. (See Doc. 12.)

4. The Clerk of Court is directed to CLOSE this case.

                                              <u>S/ Christopher C. Conner</u>
                                              CHRISTOPHER C. CONNER
                                              United States District Judge